IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES JACKSON[1] | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-20-1915 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending are three motions filed by James Jackson for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(2), filed on June 24, 2020, which seek to vacate the decision in *Jackson v. Smith,* HAR-94-114 (D. Md. 1995), *aff'd Jackson v. Smith*, 81 F.3d 150 (4th Cir. 1996) (Table). That decision denied Jackson's 1994 Petition for a Writ of Habeas Corpus. (ECF Nos. 1, 2, 3). I find that the Motions, which are identical or substantially similar, are properly construed as successive Petitions for a Writ of Habeas Corpus, and will deny them without prejudice.

## BACKGROUND

Jackson's 1994 habeas petition collaterally challenged his convictions in 1988 for first-degree felony murder, handgun violations and other offenses in the Circuit Court for Prince George's County, for which he received two consecutive life sentences plus forty years.

---

[1] Jackson is also known to this Court as Derek Jackson, Sa'id Abdus-Samad, James A. Jackson, James Anthony Jackson, Travis Fullard, and Travis M. Fullard, *See Jackson v. Smith, et al.,* Civil Action No. JRH-94-114 (D. Md. 1995); *Jackson v. Maryland,* Civil Action No. PWG-19-2775, 2020 WL 1675973 (D. Md. April 6, 2020); *Jackson v. Maryland*, Civil Action No. PWG-14-3732 (D. Md. 2015). The Clerk shall amend the docket to reflect all names by which Jackson is known to this Court.

In 2014, Jackson filed a Motion for Relief from Judgment which this Court construed as a second § 2254 petition and dismissed without prejudice. *Jackson v. Maryland*, Civil Action No. PWG-14-3732 (D. Md. 2015).

## DISCUSSION

As a threshold matter, I must determine whether Jackson's Motions are properly considered under Rule 60(b)(2) as distinguished from successive §2254 motions. "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005)). "A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *McRae*, 793 F.3d at 397 (internal quotation marks omitted).

A district court lacks jurisdiction to entertain a second or successive § 2254 petition without evidence that a petitioner has received prefiling authorization from the court of appeals. 28 U.S.C. § 2244; *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). A petitioner may not circumvent the procedural requirements for successive § 2254 motions by attaching other titles to his filings. *See Calderon v. Thompson,* 523 U.S. 538, 553 (1998) (stating that regardless of the title assigned by the litigant, the subject matter of the motion determines its status); *Castro v. United States*, 540 U.S. 375 (recognizing a court may recharacterize a pro se litigant's pleading "to create better correspondence between the substance of a pro se motions' claim and its underlying legal basis").

At the heart of Jackson's Motions is an attack on the validity of his underlying state judgment. Specifically, the Motions challenge his state conviction on the grounds of "constructive

amendment of the indictment," "successive prosecution of nolle prossed offenses," and "actual innocence." (ECF No. 1 at 3, ECF No. 2 at 3; ECF No. 3 at 20). Further, Jackson asserts that he became aware of new facts in 2013, which were not "used or known" during his state habeas corpus proceeding in 2018. (ECF No. 1 at 3, 7; ECF No. 2 at 3, 7; ECF No. 3 at 3, 7). Jackson maintains that his state habeas decision is "final on the merits" and his only remedy is to request reopening of his federal habeas case. *Id.* He propounds no argument, however, to impugn the integrity of his federal habeas proceeding.

Though Jackson has captioned his filings as Rule 60(b)(2) motions, they are properly construed as successive § 2254 petitions, which this Court may not consider until authorized to do so by the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because Jackson provides no evidence of prefiling authorization, the pending habeas motions must be dismissed pursuant to 28 U.S.C. § 2244(b)(3). [2]

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Jackson wish to seek authorization to file a successive petition. It is to be emphasized that he must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

---

[2] Jackson is undoubtedly aware of the prefiling authorization requirement. *See Jackson v. Maryland,* PWG-19-2775 (dismissing hybrid §2254 petition as unauthorized successive petition for lack of jurisdiction and denying Rule 60(b)(4) Motion for Relief); *Jackson v. Maryland,* PWG-14-3732 (dismissing unauthorized successive petition for lack of jurisdiction).

Having construed the Motions for Relief from Judgment (ECF Nos. 1, 2, 3) as successive petitions, I will dismiss them without prejudice for lack of prefiling appellate court authorization. I find Jackson presents no grounds to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2), and decline to issue a certificate of appealability.

A separate Order follows.

August 17, 2020      /S/
Date     Paul W. Grimm
    United States District Judge